MARK M. HATHAWAY
(CA 151332; DC 437335; IL  6327924; NY 2431682)
JENNA E. PARKER (CA 303560)
HATHAWAY PARKER
445 S. Figueroa St. 31st Fl
Los Angeles, California 90071
Telephone: (213) 529-9000
Facsimile: (213) 529-0783
E-Mail: mark@hathawayparker.com
E-Mail: jenna@hathawayparker.com

Attorneys for Plaintiff John Doe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 21-cv-01807-JVS(DFMx) |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR HEARING ON MOTION TO DISMISS** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendants. | |

TO THE HONORABLE JUDGE JAMES V. SELNA:

COMES NOW Plaintiff, by and through his attorneys and submits his Request for Hearing on the Motion to Dismiss and in support thereof states as follows:

**A.    INTRODUCTION**

Defendant filed a Motion to Dismiss alleging, among other things, that Plaintiff's claims should be dismissed as his claims were barred by the doctrine of res judicata under California law.  On March 25, 2022, this Court entered a Tentative Order Regarding Motion to Dismiss First Amended Complaint ("Tentative Order"), granting dismissal on res judicata grounds, vacating the hearing, but inviting the parties to request a hearing.

Plaintiff has reviewed the Tentative Order and contends that oral argument would assist the Court in assessing the merits (or lack thereof) of Defendant's Motion to Dismiss, allow Plaintiff to address authority cited for the first time in Regents' Reply, and to discuss the lack of privity, and the distinctions between Plaintiff's January 2018 complaint against a graduate student and professor, who made false allegations of stalking and research misconduct (RJN Exhibit C) and the December 2021 complaint herein against Regents for, *inter alia*, breach of contract, violation of Title IX, violation of California Civil Code, § 51, and negligence.  (Dkt 17.)

### B.   RES JUDICATA

At a hearing, Plaintiff will not rehash the law on res judicata, rather Plaintiff will clarify the application of California's res judicata law, which the California Supreme Court acknowledges has long been "inconsistent," to this case against Regents.  See, *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823-824 (Cal. 2015) ("We granted review to clarify a bedrock principle of contract law: Parties who are jointly and severally liable on an obligation may be sued in separate actions.").  Oral argument would allow the parties to address the authority cited by Regents for the first time in the Reply, such as *Boeken v. Philip Morris USA, Inc.,* 48 Cal. 4th 788 (Cal. 2010).

### C.   NOT THE SAME PARTIES; NO PRIVITY

A hearing and argument could clarify issues regarding the parties and privity in the context of res judicata.  For instance, in the 2018 complaint, Plaintiff, a graduate student, sued Jane Roe, a graduate student, and her research supervisor John Roe in their individual capacities for personal torts; claims against Regents had not yet accrued. Regents of the University of California is the name of the California corporation formed June 18, 1868 that governs the University of California as a public trust.  Cal. Const., art. IX, § 9, subd. (a); *Lachtman v. Regents of University of California* (2007) 158 Cal.App.4th 187, 211.  Regents operates a public research university with ten campuses, five medical centers, three national labs operated for the U.S. Department of Energy, and "operates billion-dollar, multidisciplinary research centers that leverage public

investments to address society's most critical issues and explore our world."[1] The University has some 227,700 employees, including approximately 11,000 tenured or tenure-track professors,[2] some 280,380 undergraduate and 59,000 graduate students,[3] including some 28,400 doctoral students, 22,000 professional students, and 8,000 master's students, and an operating budget of $41.6 Billion in 2020-2021.[4]  Oral argument could address why privity among Jane Roe, John Roe, and Regents is not established for res judicata purposes in this case, any more than Regents is in privity with Regents' other 227,700 employees for their individual bad acts.  As neither Jane Roe nor John Roe had control over the University nor its Title IX adjudicative process, Plaintiff could not sue them for the University's failure to comply with Title IX or its breach of contract or its negligence or its discrimination.  In California, a plaintiff is not required to sue every party against whom he may have a claim at the same time.  (*DKN Holdings*, supra, 61 Cal.4th at p. 822 - 823.)  None of the causes of action against Regents arise out of "matters within the scope of employment [of John Roe]." *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1127 (E.D. Cal. 2011).

### D.   EXHAUSTION UNDER CALIFORNIA LAW.

With a hearing, Plaintiff could clarify an issue that the Tentative Order appears to misunderstand when stating "here Doe is not challenging the validity of the final administrative decision."  On the contrary, Plaintiff specifically pled that there was an erroneous outcome.  (FAC ¶ 239.)  *Doe v. White*, 440 F.Supp.3d 1074 (N.D. Cal. 2020) is distinguishable because in that matter the university's final administrative decision was in Jane Doe's favor.  There was no need for Jane Doe to challenge a final administrative decision through judicial review under Cal. Code Civ. Proc., § 1094.5 because the final administrative decision was <u>in the student's favor</u>, whereas in this matter, Plaintiff is

---

[1] https://www.universityofcalifornia.edu/uc-system/parts-of-uc
[2] https://www.universityofcalifornia.edu/infocenter/employee-fte
[3] https://www.universityofcalifornia.edu/uc-system
[4] https://www.ucop.edu/operating-budget/_files/rbudget/2021-22-budget-summary.pdf

PLAINTIFF'S REQUEST FOR HEARING

3

challenging the erroneous determination to suspend him, among other things. (FAC ¶¶ 239, 255.) As such, the requirement to exhaust administrative remedies and judicial review in the California state cases and *Doe v. Regents of the University of California*, 891 F.3d 1147 (9th Cir. 2018) applies in this matter against Regents. (See, Dkt. 17, FAC ¶ 177.) On oral argument, Plaintiff can explain that the causes of action against Regents did not accrue until over two years *after* the 2018 complaint against John Roe and Jane Roe; doing away with exhaustion would require a change in California law and federal authority. Plaintiff could also clarify and discuss that there was no obligation for Plaintiff to seek a stay in the 2018 complaint. Oral argument would allow discussion on how *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) is inapplicable because in that matter, Ms. Owens was suing the same defendant for the same bad acts. Here Plaintiff is suing Regents when in 2018 he was suing Jane Roe and John Roe individually. Although a plaintiff "may not 'split' his claims against a single [defendant]" he or she can bring a "claim against others who are liable for the same harm" in a separate action. *DKN Holdings*, supra, 61 Cal.4th at p. 822. As such, even if the harm to Plaintiff was the same (which is denied), his claim against Regents may be brought in this separate action.

Although Regents claims that Cal. Gov. Code, § 995 required Regents to defend John Roe and Jane Roe, the state court found this not to be true. RJN Exhibit 6, 1/24/2022 Minute Order, Page 2. Judge Salter concluded, "But the evidence before this court on the renewed motion was not before the appellate court and equity should not kowtow to expediency. This is the right result." *Id.*, p. 3.

### E. NOT THE SAME INJURY

Oral argument may be of assistance in showing that while the 2018 complaint and this matter against Regents may at first glance appear to involve the same injury and to be inextricably intertwined, they are not. Plaintiff's injury in the 2018 Complaint was Jane Roe and John Roe false allegations, not Regents' failure to abide by its contractual obligations nor Regents' violation of Title IX and the Unruh Act, and negligence, which

had not accrued in 2018, and continued after 2018. Regents' failings may have served to increase Plaintiff's damages but were not the origin of the separate harm caused by Jane Roe and John Roe in the 2018 complaint. The false allegations by John Roe and Jane Roe is a separate harm from the discrimination, contractual breaches, and negligence by the University, Regents. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001), affirms that a plaintiff cannot bring state law claims in state court and then federal law claims in federal court based upon the same racial discrimination circumstances. Likewise, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110 (E.D. Cal. 2011), does not permit a plaintiff to file more than one complaint against a single defendant based upon a single primary right. (*Id.* at p. 1126.) The Court in *Drawsand* noted that "[t]he most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." (*Id.* citing *Mycogen Corp. v. Monsanto Co.,* 28 Cal.4th 888, 904 (Cal. (2002).) Therefore, in *Drawsand*, the plaintiff's claims against only the "Property Defendants" were barred by res judicata because she had previously made the same claim against them that they failed to take corrective action regarding her neighbors' harassment. (*Id.*) Even if Jane Roe and John Roe had not lied to the police, lied to the University, and lied to the insurance company, the University still violated its contractual obligations to Plaintiff, it still treated him differently than similarly situated female students, and was negligent in its Title IX investigation and adjudication process.

    At a hearing, Plaintiff could point out that no final judgment was made on the issue of whether the University violated its contractual obligations to Plaintiff. No final judgment was made on whether the University violated Title IX. No final judgment was made on whether the University violated the Unruh Act. The parties and issues and rights in this matter are completely separate from those in the 2018 Complaint and were not part of the final judgment in that matter – unjust as it may have been. Simply because a final judgment was made in the prior case is not enough to justify application of res judicata. "Whether res judicata applies is not simply a matter of satisfying the doctrine's

technical requirements." *People v. Barragan*, 32 Cal.4th 236 (Cal. 2004).

    Plaintiff, John Doe, respectfully asks the Court to schedule a hearing on the Motion to Dismiss.

                                      HATHAWAY PARKER

Dated: March 29, 2022              By:    /S/ Mark M. Hathaway   .
                                                    MARK M. HATHAWAY
                                                    JENNA E. PARKER
                                                    Attorneys for Plaintiff