UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss First Amended Complaint [19]**

    Defendant The Regents of the University of California ("the University") moves to dismiss Plaintiff John Doe's ("Plaintiff") First Amended Complaint ("FAC") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mot., Dkt. 19.  Plaintiff opposes the motion.  Opp'n, Dkt. 22.  The University filed a Reply in support of its motion.  Reply, Dkt. 25.

    The Court considered the arguments in Plaintiff's Request for Hearing (Dkt. 26) and the University's Response (Dkt. 28) and determined that oral argument would not be helpful in this matter.  See Fed R. Civ. P. 78; L.R. 7-15.

    For the following reasons, the Court **GRANTS** the motion with prejudice.

## I. BACKGROUND

### A.   Allegations in Plaintiff's FAC

    The following allegations are derived from the First Amended Complaint ("FAC").

    In February 2016, John Roe ("Prof. Roe"), a University of California, Irvine ("UCI") professor, reported to the University that, for the previous four years, Plaintiff, a graduate student, had been stalking Jane Roe, another graduate student who worked in the same research laboratory.  FAC ¶ 58.  Prof. Roe also reported that Plaintiff hacked into Jane Roe's computer and social media accounts, and more recently sabotaged her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

lab work.  Id.  The University initiated a formal Title IX investigation based on these allegations.  Id. ¶ 62.

 Plaintiff alleges that before these allegations were made against him, he himself was stalked and harassed for more than a year after ending a relationship with another UCI student, Jane Roe2.  FAC ¶¶ 55–56.  He alleges that in January 2016, he discussed this situation with Prof. Roe and another UCI professor who both discounted his concerns and discouraged him from reporting them.  Id. ¶ 57.  He further alleges that he told the University's Title IX investigator about these allegations during the Jane Roe investigation, and the investigator also discouraged him from reporting the incident.  Id. ¶ 73.

 The University promptly notified Plaintiff of the "[a]llegations of research misconduct and stalking" against him and ordered him to stay away from Jane Roe.  Id. ¶ 62–64.  Plaintiff alleges that he cooperated in the Title IX investigation, meeting with the Title IX investigator several times and providing considerable documentation to support his defense that the allegations were false.  Id. ¶ 73.  He alleges that his requests to access the evidence collected in the investigation and the investigation file were refused in violation of the University's policy.  Id. ¶ 74–75.

 After completing the investigation, the University Title IX office found that Plaintiff was responsible for three violations of University student conduct policies and for stalking.  Id. ¶ 82.  UCI's Dean of Students adopted those recommendations in August 2016 and imposed a two-year suspension.  Id. ¶ 91.

 Plaintiff administratively appealed, arguing that there was procedural error in the investigation because: he did not receive access to the investigator's files, the decision to adopt the investigator's recommendation was unreasonable, new evidence vindicated him, and the University's sanction was disproportionate.  Id. ¶¶ 83–90, 92.  The UCI Appeal Body reversed the determination of responsibility for two of the three charges, finding insufficient evidence to link Plaintiff to the computer hacking and social media stalking charges.  Id. ¶ 105.  It affirmed responsibility for the charge of "Physical Abuse" based on the volume of contacts between Plaintiff and Jane Roe, which made her "fearful and concerned" and a correlation between the stay-away order and the end of the contacts.  Id. ¶ 106.  The Appeal Body noted that, although the charge was termed "Physical Abuse," the policy could also be violated by "other conduct that threatens the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01807-JVS (DFMx)   Date  April 26, 2022

Title  John Doe v. Regents of the University of California

health and safety of any person." Id. ¶ 107.

Plaintiff then administratively appealed to UCI's Vice Chancellor Thomas Parham. Id. ¶ 108. During the appeal, Plaintiff was given access to 1,869 pages of documents, however, many pages were heavily redacted. Id. ¶ 115. The Vice Chancellor's office then invited Plaintiff "to let [them] know how those documents [Plaintiff] did not have would have materially affected the outcome of [his] matter." Id. ¶ 116. Plaintiff alleges that those documents established that Jane Roe had knowingly lied to the Appeal Body, "that the allegations of stalking and computer hacking were manufactured by [Prof. Roe] and [Jane Roe]", and that the allegations were used by John Roe to support his insurance claim. FAC ¶ 117. Even so, Plaintiff's appeal was denied. Id. ¶¶ 119–134.

Plaintiff filed a petition for writ of administrative mandamus challenging the University's decision. Id. ¶ 135; Def.'s RJN, Ex. A at 41. The University confessed judgment in the writ proceeding and consented to having a writ entered to remand the matter to the University to allow it to "reconsider its action." Def.'s RJN, Ex. M at 1. Judgement was entered on January 4, 2018, and noted that "nothing in this writ shall limit or control the discretion legally vested in" the University. Def.'s RJN, Ex. B; FAC ¶ 153–54.

Plaintiff asserts six causes of action: (1) breach of contract and covenant of good faith and fair dealing; (2) promissory estoppel; (3) erroneous outcome under Title IX; (4) selective enforcement under Title IX; (5) violation of California Civil Code § 51; and (6) negligence.

**B.    Plaintiff's State Court Action**

On January 22, 2018, Plaintiff sued John Roe and Jane Doe, asserting claims for malicious prosecution and abuse of process based on alleged statements they made to UC Irvine's police that initiated the Title IX investigation that forms the basis of this lawsuit. Def.'s RJN, Ex. C ("2018 Compl.") at 4; John Doe v. John Roe, Jane Roe, et al., Orange County Superior Court case no. 30-2018-00968408-CU-NP-NJC. Jane Roe and John Roe were both defended by the University's Office of the General Counsel, but the University was not a party to the 2018 Complaint. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

Jane Doe and Prof. Roe filed a special motion to strike Defendant's 2018 Complaint pursuant to California's anti-SLAPP statute. Def.'s RJN, Ex. D. The defendants argued that the statements were protected by California's litigation privilege; that the University's reinstated proceeding meant there was no "favorable termination," as was required for Defendant's abuse of process claims; that it was the University, not the individual defendants, who initiated administrative proceedings; that Plaintiff failed to exhaust his administrative and judicial remedies given that the University reinstated its proceedings; and that several governmental immunities applied. Id. at 7–8. The court granted the anti-SLAPP motion, concluding that the case involved protected activity; that it was the University, not Jane Doe and Prof. Roe, that initiated proceedings; and that the administrative process was not yet complete. Def.'s RJN, Ex. G. The court granted the anti-SLAPP motion to strike and dismissed Plaintiff's case. Id.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim – Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

**B.     Res Judicata**

Res judicata "bars any subsequent suit on claims that were raised or could have been raised in a prior action."  Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2010).  In determining the res judicata effect of a state court judgment, federal courts must apply state law of the court rendering judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  Here, that is California.  Under California law, res judicata applies when "(1) [a] claim ... raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."  People v. Barragan, 83 P.3d 480, 492 (Cal. 2004).

### III.  DISCUSSION

**A.     Request for Judicial Notice**

As a preliminary matter, both parties request judicial notice of various documents.  See Def.'s RJN, Dkt. 20; Pl.'s RJN, Dkt. 23.

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). Courts "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  Bias v. Monynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal citations and quotation marks omitted).

The Court takes judicial notice of the documents in the Requests for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201.  All of the documents in the RJNs contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

**B.     Whether Plaintiff's FAC is Barred by the Doctrine of Res Judicata**

The University argues that Plaintiffs claims are barred by res judicata because: (1) this case involves "the same cause of action" as Plaintiff's 2018 lawsuit; (2) the state court's grant of the anti-SLAPP motion was a final adjudication on the merits; and (3) Plaintiff was a party to that first lawsuit.  Mot. at 7.

  *1.     Same Cause of Action*

In determining whether a claim is "identical to a claim ... litigated in a prior proceeding" for purposes of res judicata, California employs the primary rights theory. Boeken v. Philip Morris USA, Inc., 230 P.3d 342 (Cal. 2010).  Under the primary rights theory, "[t]here is an identity of claims if the two proceedings are based on the same primary right or injury."  Lodin v. Bank of Am., N.A., 2014 WL 296927, at *3 (N.D. Cal. Jan. 27, 2014) (internal quotation marks omitted).  Because the primary rights theory looks to a plaintiff's injury to determine whether claims are identical, primary rights analysis therefore focuses on "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced."  Id.  Accordingly, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake[,] even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (internal quotation marks omitted).

The University contends that this case involves the same cause of action as those that Plaintiff asserted in the 2018 state case because "Plaintiff could have brought the claims at issue in this lawsuit as part of the 2018 lawsuit."  Mot. at 8.  In contrast, Plaintiff argues that, for purposes of res judicata, the current lawsuit asserts different "causes of action" than the 2018 lawsuit because this case asserts Title IX and contract claims, whereas the 2018 suit sought to vindicate "Plaintiff's legal right not to have false claims made about him."  Opp'n at 22.

The Court finds that Plaintiff's theories of liability relate to the same alleged injury as the injury he alleged in the state court suit.  As the University points out, both the 2018 Complaint and the FAC allege:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

- The University appointed a Title IX investigator without sufficient exertise and neutrality.  Compare 2018 Compl. ¶ 10 with FAC ¶ 72.
- The Title IX investigation resulted in no evidence substantiating the allegations.  Compare 2018 Compl. ¶¶ 14–17 with FAC ¶¶ 76–79.
- The University failed to provide Plaintiff with access to his full investigative file (compare 2018 Compl. ¶ 13 with FAC ¶¶ 74–75)—and specifically flagged the 113 exhibits that were not provided to Plaintiff and the forty witnesses that were not identified to Plaintiff.  Compare 2018 Compl. ¶¶ 18–19 with FAC ¶¶ 80–81.
- Plaintiff appealed to the administrative appeal body on various grounds.  Compare 2018 Compl. ¶¶ 21–23 with FAC ¶¶ 92–93.
- Plaintiff appealed to the Vice Chancellor on various grounds.  Compare 2018 Compl. ¶¶ 25–26 with FAC ¶¶ 108, 132.
- The Title IX investigation and adjudication were "unfair and the [Title IX] office failed to conduct a fair investigation of the false allegations and charges against John Doe by Jane Roe and John Roe."  Compare 2018 Compl. ¶ 42 with FAC ¶ 203.

Mot. at 4–5.  Further, the FAC and the 2018 Complaint both allege the same injury: damage to Plaintiff's reputation, emotional distress, psychological damages, and loss of educational and career opportunities as the result of the University's investigation.  Compare 2018 Compl., ¶ 48 with FAC ¶ 268.  The claims are also based on the same alleged wrong: "Jane Roe's and [Prof.] Roe's false allegations of stalking, computer hacking, and damage to laboratory research in the UCI Title IX investigation, and the UCI Title IX Office's failure to conduct a fair, impartial, and independent investigation into [Prof.] Roe's and Jane Roe's false charges."  2018 Compl., ¶ 48.  Plaintiff cannot now seek to vindicate this same alleged wrong, that allegedly caused the same damages, through new theories of recovery.  See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708 (9th Cir. 2001) (explaining that plaintiff's Title VII claims were barred by res judicata when plaintiffs had previously brought state-law claims against the defendant in state court that, like the Title VII claims, were "predicated on racial discrimination and allege[d] the same circumstances regarding [the plaintiffs'] terminations"); Drawsand v. F.F. Props., L.L.P., 866 F. Supp. 2d 1110, 1126 (N.D. Cal. 2011) ("The fact that Plaintiff has now attempted to recast her complaint under the FHA and other federal statutes does not alter the fact that her claims are based on the same primary rights.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01807-JVS (DFMx)    Date  April 26, 2022

Title  John Doe v. Regents of the University of California

    The next issue is whether Plaintiff could have brought the instant claims in his state court action. Plaintiff contends that "[he] could not have brought this action against the University until he had exhausted judicial review under California Code of Civil Procedure § 1094.5." Opp'n at 24. Plaintiff cites Doe v. Regents of the University of California, 891 F.3d 1147 (9th Cir. 2018) as support for this argument. However, that case holds that a Title IX and section 1983 action challenging the validity of a university's final administrative decision in a disciplinary proceeding must first be judicially exhausted through a petition for writ of administrative mandate in state court. As the University notes, "here Doe is not challenging the validity of the final administrative decision—rather, he asserts that the [U]niversity breached certain alleged contracts with him and discriminated against him on the basis of sex during the course of his disciplinary proceeding." Reply at 5. Accordingly, Plaintiff's claim is not subject to the judicial exhaustion requirement. Doe v. White, 440 F. Supp. 3d 1074 (N.D. Cal. 2020) (finding that the judicial exhaustion requirement did not apply, and thus that a plaintiff's section 1983 claim for violation of her procedural due process rights could proceed, when the plaintiff did not seek to challenge the final determination of a university's Title IX proceedings, but rather the university's conduct during the course of those proceedings).

    Plaintiff further argues that res judicata does not apply because the University's administrative proceedings were still pending when he filed his 2018 lawsuit. But, Plaintiff knew that the writ judgment gave the University jurisdiction to reinstate the Title IX proceedings, yet still chose to sue, and then failed to seek a stay once the University reinstated the Title IX proceedings. Def.'s RJN, Ex. B, I; see See Owens, 244 F.3d at 714–15 (holding that res judicata barred the claim "where plaintiffs ha[d] neither sought a stay from the district court for the purpose fo pursuing Title VII administrative remedies," thus exhausting the claim, "nor attempted to amend their complaint to include their Title VII claims").

    In sum, the claims here involve the same injury to Plaintiff, the same alleged wrong by the University and its employees, and the same operative facts. Thus, they constitute the "same cause of action" for purposes of res judicata.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01807-JVS (DFMx) | Date | April 26, 2022 |
| Title | John Doe v. Regents of the University of California | | |

       2.      *Final Judgement on the Merits*

      Plaintiff argues that the final judgment in the 2018 Complaint was not on the merits because "[n]one of the findings in the 2018 Complaint are determinative of the issues in this matter." Opp'n, Dkt. 22, at 19–20. However, res judicata asks whether the prior lawsuit resulted in a final judgment on the merits, not whether that judgment is determinative of the issues in the second case. See People v. Barragan, 83 P.3d 480, 492 (Cal. 2004). Because the state court granted an anti-SLAPP motion dismissing the 2018 lawsuit, and Plaintiff did not appeal, the judgment was a final adjudication on the merits. Adams v. Trimble, 2012 WL 260160, at *8 (E.D. Cal. Jan. 27, 2012) ("A state case thrown out as the result of an anti-SLAPP motion, therefore, has been fully adjudicated because the state court granting the anti-SLAPP motion necessarily determined the case had no merit.").

       3.      *Same Party or in Privity*

      The University asserts that it was in privity with the defendants in the 2018 lawsuit for purposes of res judicata. Mot., Dkt. 19, at 11.

      Privity "requires the sharing of an identity or community of interest, with adequate representation of that interest in the first suit, and circumstances such that the nonparty should reasonably have expected to be bound by the first suit." DNK Holdings LLC v. Faerber, 61 Cal. 4th 813, 826 (2015) (internal quotation marks omitted). "When a defendant's liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one." Id. at 827–28. And "California law . . . only requires a substantial identity between the parties for res judicata to apply." Vogel v. County of San Mateo, 1999 WL 66142, at *4 (N.D. Cal. Feb. 9, 1999).

      "An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment. Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011). Plaintiff contends that "the suit against [Prof.] Roe and Jane Roe did not concern matters within the scope of their employment." Opp'n at 26. However, he also asserts that the University "failed to properly hire, train, and supervise the employees involved in this matter, including but not limited to Professor John Roe, the Title IX Investigator, the Title IX Officer, the Vice Chancellor and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-01807-JVS (DFMx)      Date April 26, 2022

Title    John Doe v. Regents of the University of California

individuals who failed to provide Plaintiff with accommodations." and that "these individuals were allegedly acting in the scope of their employment." Opp'n at 39. Because Plaintiff's allegations against Prof. Roe were based on actions within the scope of his employment, the University was in privity with him in the 2018 lawsuit. See Brown v. Fla. Gulf Coast Univ. Bd. of Trs., 2019 WL 6219945, at *3 (M.D. Fla. Nov. 21, 2019) (finding that a Title IX coordinator, who was not a party to the prior lawsuit, was nonetheless entitled to invoke res judicata in a subsequent Title IX lawsuit because she was in privity with her university employer, who was a party to the prior lawsuit).

       Further, the University was in privity with both Prof. Roe and Jane Doe because it shared their interest in protecting its employees and students from lawsuits based on their discharge of University-imposed obligations to report misconduct to the Title IX Office and their willingness to participate in Title IX investigations. This is supported by the fact that the University defended Prof. Roe and Jane Doe in the state court proceedings. While the parties dispute whether the University was required to do so under section 995 of the California Government Code, the Court need not resolve that issue. Rather, that the University did provide such representation to Prof. Roe and Jane Doe demonstrates their shared interest in the outcome of the litigation. Moreover, Plaintiff's arguments in state court show that he even understood that the University had an interest in litigating the 2018 case. For example, Plaintiff argued repeatedly in opposing the University's anti-SLAPP fees application in the 2018 lawsuit, that the individual defendants' counsel was "working with the 'real' client, the University." Teshuva Suppl. Decl., Ex. A, Dkt. 25-2, at 10. Plaintiff also contended that the University was interested in the outcome of the state proceeding because it implicated "the viability of abuse of process and malicious prosecutions claims based on statements made during the administrative proceedings at UCI." Teshuva Suppl. Decl., Ex. B, Dkt. 25-2, at 10.

       Accordingly, Plaintiff's FAC is barred by the doctrine of res judicata because the 2018 lawsuit was the same "cause of action," resulted in a final judgment on the merits, and involved the same parties or parties in privity.

**C.    Leave to Amend**

       Plaintiff requests leave to amend his First Amended Complaint. See Opp'n at 40. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01807-JVS (DFMx)  Date  April 26, 2022

Title  John Doe v. Regents of the University of California

15(a)(2). It is properly denied, however, if amendment would be futile. See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010).

The Court denies Plaintiff's request for leave to amend. As the Court explains above, Plaintiff's claims against the University for violating the primary right at issue are barred by res judicata based on the 2018 litigation. Further, Plaintiff does not identify what new allegations may save his claims. Accordingly, the Court finds that amendment would be futile and DENIES Plaintiff's request for leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and dismisses the FAC with prejudice.

**IT IS SO ORDERED.**